## (January 15, 1965)

JEAN MACEY, Appellant, v. RITA ROZBICKI et al., Respondents. APPEAL from an order of the Supreme Court at Special Term, entered January 29, 1964, in Erie County, which granted a motion by defendants for an order dismissing the complaint and granting summary judgment to defendants.

MEMORANDUM BY THE COURT. In our opinion the case of *Babcock* v. *Jackson* (12 N Y 2d 473) does not apply to the facts of the present case. This case seems rather to come within the comparatively limiting scope of *Dym* v. *Gordon* (22 A D 2d 702). The preponderance of contacts in the present case are much more akin to the *Dym* case than to the *Babcock* case.

GOLDMAN, J. (dissenting). In this negligence action by appellant passenger against respondents' driver and owner the answer asserted the affirmative defense that the accident occurred in Ontario, Canada, and that the cause of action was barred under the guest statute of that Province. This appeal is from the denial of appellant's motion to dismiss the affirmative defense. Special Term's order was based upon its determination that *Babcock* v. *Jackson* (12 N Y 2d 473) was not applicable to the facts herein.

The appellant and respondents are permanent residents of the City of Buffalo. The defendant vehicle is licensed, garaged and insured in New York State. The accident occurred while appellant was visiting the respondent driver at her Summer home in Canada near the New York border. Appellant was a temporary guest while on vacation from her employment for a period of about one week. Appellant was injured in a collision which occurred on a trip which originated from the Summer home and was to terminate at the Summer home, the principal purpose of the trip being to attend church. The second automobile in the collision was driven by a Canadian citizen who is not involved in this action, settlement having been made with him by the appellant.

Special Term reasoned that "the Babcock case is a radical departure from the law as previously applied, [and] * * * the rule laid down in that case should only be applied under the particular circumstances of the case." Its memorandum stressed the fact that "The trip began and was to end in Ontario." We do not believe that *Babcock* should be given such a narrow and limited interpretation.

If one were to approach this problem on a mathematical basis and count the contacts, the result would indicate approximately an equal number in both Ontario and New York. If this were the test, one might reasonably argue that the law of the place of the tort should apply. We prefer to agree with the point of view "that qualitative rather than quantitative evaluation determines 'the most significant relationship.' Qualitative evaluation is inevitably in terms of policies and interests, the policies and interests that appear important to the evaluator." (63 Col. L. Rev. 1212, 1248; also, see, p. 1235.)

It will serve no useful purpose to repeat the multitude of citations of cases and articles which have been written since *Babcock*. No better statement of our position can be found than that of Judge FULD at pages 481–482 of *Babcock* (*supra*): "Justice, fairness and 'the best practical result' (*Swift & Co.* v. *Bankers Trust Co.*, 280 N. Y. 135, 141, *supra*) may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation. The merit of such a rule is that 'it gives to the place "having the most interest in the problem" paramount control over the legal issues arising out of a particular factual context' and thereby allows the forum to apply 'the policy of the jurisdiction "most intimately concerned with the outcome of [the] particular litigation."' (*Auten* v. *Auten*, 308 N. Y. 155, 161, *supra*.)"

In our view, the soundness of our approach to this problem may be found in the answer to the question: "What interest does Ontario have in this law suit?" In our judgment the response can be only a negative one. Posing the question with "New York" inserted in the place of "Ontario" it becomes clear that New York has "the most interest in the problem" (social and otherwise) and its law should have "paramount control over the legal issues". From the increase in the number of appeals coming to our court involving the *Babcock* doctrine it is clear that there will soon evolve a more definite crystallization of the circumstances under which *Babcock* should be applied. From the facts in the appeal before us we believe that our approach to the solution of this problem points in the direction which should be taken.

.

Williams, Bastow and Del Vecchio, JJ., concur in Memorandum by the Court; Goldman, J., dissents and votes to reverse and deny the defendants' motion to dismiss the complaint and to grant plaintiff's motion to dismiss paragraphs II, III and IV of defendants' answer, in opinion, in which Noonan, J., concurs.

Order affirmed, without costs of this appeal to either party.